ALEXANDER W. WHEELER, plaintiff in error, *vs.* THE STATE OF GEORGIA.

[1.] The title of the Act which was intended to be a codification of the Penal Laws of this State is entitled " An Act to amend, reform and consolidate the Penal Laws of the State of Georgia," and an Act amending any section or

division thereof, referring to it by such section and division "of the *Penal Laws* of this State," is not obnoxious to constitutional objection.

[2.] An Act simply repealing a prior Act of the Legislature so far as it respects the punishment prescribed in said Act, for offences named therein, is not a repeal of the Act.

Indictment for keeping a Faro Table, in Sumter Superior Court. Decision by Judge ALLEN, March Term, 1857.

This case being called for trial, the defendant announced himself ready, and moved the Court to quash the indictment:

1st. Because the same was founded on the Act of 20th February, 1854, and which Act he alleges is unconstitutional and void, because its caption purports to amend the "10th section, 10th division of the Penal Laws," instead of " Penal Code."

2d. Because said Act is not now of force, having been repealed by the Act of 5th March, 1856.

The Court refused the motion to quash, and defendant excepted.

McCoy & HAWKINS, for plaintiff in error.

EVANS, Sol. Gen. *contra.*

*By the Court.*—McDONALD, J. delivering the opinion.

[1.] The caption of the Act of 20th February, 1854, on which it is alleged the defendant was indicted, is not liable to the objection made against it. What is usually called the Penal Code, is entitled "An Act to reform, amend and consolidate the *Penal Laws* of the State of Georgia." The 10th division of that Act is the tenth division of the Penal Laws of this State. There is nothing in the Act different from what is expressed in the title thereof.

[2.] The section of the Act of 1856, which the counsel for the plaintiff in error refers to, as having repealed the Act of 1854, on which, it is alleged, he was indicted, is more obnoxious to the constitutional objection than the Act is against which it is urged. The Act of 1856, is entitled "An Act to organize and establish a Criminal Court in the cities of Columbus, Macon, Atlanta and Rome, and to define its jurisdiction." There is certainly nothing in any part of this title pointing to the repeal or amendment of the Penal Code, or any section or division thereof. How far it may repeal or amend the Act referred to in the caption when the Acts constituting the offences prohibited and punished by that Act, are committed within the cities named in the caption, it will be time enough to consider when the case is presented. That Act, (of 1856,) however, if valid, does not repeal the former Act; it only changes the punishment.

Judgment affirmed.